IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony G. Bryant, | ) |
| | ) C/A No. 2:18-2582-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| United States Marshal, Federal Trade | ) |
| Commission, Attorney General of | ) |
| the United States, and US Attorney | ) |
| for the District of South Carolina, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Anthony G. Bryant, a nonprisoner proceeding pro se and in forma pauperis, filed a complaint on September 20, 2018. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pretrial handling.

The Magistrate Judge reviewed the allegations of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and the court's inherent authority to dismiss frivolous cases. The Magistrate Judge observed that the allegations of the complaint are nonsensical and incoherent, and that (1) Plaintiff fails to state a claim upon which relief can be granted; (2) the complaint lacks any arguable basis in law or in fact, and therefore is frivolous; (3) the allegations are so disconnected and incoherent that it appears subject matter jurisdiction is lacking; (4) Plaintiff's claims against Defendants United States Marshal and Federal Trade Commission, as well as the Attorney General of the United States and the United States Attorney for the District of South Carolina, are barred by the doctrine of sovereign immunity; and (5) Plaintiff's claims against Defendants Attorney General of the United States and the United States Attorney for the District of South Carolina are barred by prosecutorial

immunity. Thus, the Magistrate Judge filed a Report and Recommendation on October 4, 2018, recommending that Plaintiff's complaint be summarily dismissed. Plaintiff filed objections to the Report and Recommendation on October 10, 2018, October 12, 2018, October 15, 2018, and October 17, 2018.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In this case, Plaintiff's objections are, like his complaint, not comprehensible. In the court's view, the objections do not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. Nevertheless, the court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice, and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
October 18, 2018